IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

EDDIE MILNER,

                Plaintiff,                Case No. 3:11 dp 20529

  -vs-

                                                  MEMORANDUM   OPINION

DEPUY ORTHOPAEDICS, INC.,
et al.,

                Defendant.

KATZ, J.

This matter is before the Court on Eddie Milner's ("Plaintiff") motion to remand (Doc. 9) and DePuy Orthopedics, Inc., Johnson & Johnson, and Clint Spears' (collectively "Defendants") opposition thereto. (Doc. 14). For the following reasons, the Court has jurisdiction over this matter and therefore denies the motion to remand. *See* 28 U.S.C. § 1332.

**I. Background**

Plaintiff, an Alabama resident, filed his complaint in the circuit court of Montgomery County, Alabama on November 24, 2010 against out-of-state hip manufacturers, DePuy and its parent company, Johnson & Johnson. (Doc. 1-1 at 1-2). Also named as a defendant is Clint Spears, who is a pharmaceutical sales representative for DePuy and an Alabama resident (the "resident defendant"). *Id*. at ¶5. Plaintiff's complaint arises from alleged hip implant complications. He has filed an action for damages "as a direct and proximate result of Defendants' wrongful conduct in connection with the development, design, testing, manufacture, distribution, and sale of the DePuy [ASR Hip Implant]." *Id*. at ¶1.

Defendants removed the case to the United States District Court for the Middle District of Alabama on December 22, 2010, based on the theory that the Court has diversity jurisdiction.

(Doc. 1). Then, on December 28, 2010, Defendants filed a motion to stay proceedings pending transfer to MDL and also requested an extension of time to answer or otherwise respond to Plaintiff's Complaint. (Doc. 3). Plaintiff opposed that motion. (Doc. 13). Pursuant to 28 U.S.C. § 1407, the Panel on Multidistrict Litigation transferred this action to this Northern District of Ohio on April 27, 2011.[1] (Doc. 17).

In this Court, Plaintiff filed a timely motion to remand (Doc. 9) and brief in support of that motion. (Doc. 10). Plaintiff claims the Court lacks subject matter jurisdiction because Defendants failed to prove the high burden of proof required to show fraudulent joinder. Defendants oppose that motion, and submitted the resident defendant's declaration to support their opposition. (Doc. 14).

## II. Standard of Review

Federal courts are courts of limited jurisdiction. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. Ala. 1994). Accordingly, under 28 U.S.C. § 1441(a), a defendant may remove any civil action from state to federal court only if the district courts of the United States have original jurisdiction, both at the time of the original action and when the petition for removal is filed. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); Fed. R. Civ. P. 19(a). Original jurisdiction exists when the amount in controversy exceeds $75,000 and there is either a federal question or diversity. 28 U.S.C. § 1441(a), (b). Diversity must be complete, which is to say every plaintiff is diverse from every defendant. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir.

---

[1] This case is one of many related actions contained in the multidistrict litigation entitled *In re* DePuy Orthopedics, Inc. ASR Hip Implant Products Liability Litigation, 1:10 md 2197, MDL 2197.

1996); 28 U.S.C. § 1332. The removing party bears the burden of establishing subject matter jurisdiction. *De Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. Ga. 1998).

Following removal to district court, a plaintiff may move to remand the action back to state court within thirty days after the notice of removal is filed. 28 U.S.C. §§ 1446(a) & 1447(c). If the Court lacks subject matter jurisdiction, remand is proper. *Id*. In light of federalism and comity concerns, federal courts must strictly construe removal jurisdiction and resolve all doubts in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Burns*, 31 F.3d at 1095.

### III. Discussion

Upon review of Eleventh Circuit precedent as well as the pleadings, motions, replies, and resident defendant's affidavit, the Court finds Defendants' allegation of fraudulent joinder well taken, and therefore denies Plaintiff's motion to remand.

#### A. *Fraudulent Joinder Standard*

A fraudulently joined party cannot defeat a court's subject matter jurisdiction. *See Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996). To prove fraudulent joinder, the removing party bears a "heavy burden" and must show the presence of one of three situations: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court[,]" *De Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. Ga. 1998) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. Ga. 1997)); or (3) there is no real connection between the claims against a diverse defendant and those against a non-diverse

defendant. *Tapscott*, 77 F.3d at 1360; *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. Ala. 1998).

In evaluating Defendants allegations, the Court cannot "weigh the merits" of the plaintiff's claim[s] "beyond determining whether [they are] arguable . . . under state law." *Crowe*, 113 F.3d at 1538. That is to say, "if there is even a possibility that a state court would find that the complaint states a cause of action" against the resident defendant, this Court must find that joinder was proper and thus remand the case back to state court. *Id*.; *De Perez*, 139 F.3d at 1380. The Plaintiff need not show that he will prevail on a claim or even that he will survive summary judgment in order to defeat an allegation of fraudulent joinder, but must only show that there is a "colorable claim" for recovery or an "arguably reasonable basis" that state law could hold a defendant liable based on the relevant facts. *De Perez*, 139 F.3d at 1380; *Triggs*, 154 F.3d at 1287; *Crowe*, 113 F.3d at 1541-42. The possibility that the resident defendant could be liable "must be reasonable, [and] not merely theoretical." *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005) (citing *Great Plains Trust Co v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 1992)). Moreover, "possible" must mean "more than such a possibility that a designated residence can be hit by a meteor tonight." *Id.*

In deciding whether a case should be remanded, this Court must "evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe*, 113 F.3d at 1538; *Legg*, 428 F.3d at 1323. However, where the non-moving party has presented unrebutted evidence in the form of an affadavit or declaration, the Court will give weight to the sworn testimony rather than the

4

unsupported allegations of the complaint. *Legg*, 428 F.3d at 1323; *Southern v. Pfizer, Inc.*, 471 F. Supp. 2d 1207 (N.D. Ala. 2006).

Here, Defendants allege there is no possibility that Plaintiff can establish any of his seven causes of action[2] against the resident defendant. The Court is to consider Plaintiff's pleadings at the time of removal, as well as both party's affidavits and declarations filed with the Court. *Crowe*, 113 F.3d at 1538. The Court has considered the aforementioned documents in support and in opposition to the motion to remand. As a result, the Court is well informed of the causes of action alleged against the resident defendant, and has determined no possibility exists that a state court could find at least one viable cause of action against Clint Spears.

## *B. Negligence, Failure to Warn and Defective Design*

In his motion to remand, Plaintiff asserts that "Defendants," including the resident defendant, breached their duty to design a reasonably safe product and to warn Plaintiff and his physician of the allegedly known dangers associated with the ASR Hip Implant. (Doc. 10 at 21-22). To support his allegations against the resident defendant, Plaintiff largely disregards the resident defendant's declaration and maintains that discovery will provide support for his allegations. *Id.* at 22-23. Defendants contend that Plaintiff's claims are "belied" by the resident defendant's declaration, by Alabama law, and by the learned intermediary doctrine. (Doc. 14 at 21). Upon review of all relevant documents, the Court finds no possibility that Plaintiff could

---

[2] In his complaint, Plaintiff has alleged that "Defendants," including the resident defendant, are liable for the following: (Count I) Negligence; (Count II) Products liability - failure to warn; (Count III) Products liability - defective design; (Count IV) Breach of express warranty; (Count V) Breach of implied warranty; (Count VI) Fraudulent misrepresentation; and (Count VII) Fraudulent concealment. (Doc. 1-1).

5

establish a cause of action for negligence in an Alabama state court as against the resident defendant.

To prove an action for negligence, the plaintiff must show "that Defendant had a duty to warn, that Defendant breached that duty, that [plaintiff] was injured and that Defendant's breach of duty was the proximate cause of [plaintiff's] injury." *Prill v. Marrone*, 23 So. 3d 1, 7 (Ala. 2009); *Barnhill v. Teva Pharms. USA, Inc.*, 2011 U.S. Dist. LEXIS 51222 (S.D. Ala. May 9, 2011). However, that district has narrowed a sales representative's liability for negligence by establishing, "a claim for negligent manufacture or sale is cognizable against the manufacturer or seller, and [the sales representative] is deemed neither under Alabama law." *Bloodsworth v. Smith & Nephew*, 2005 U.S. Dist. LEXIS 38756, at *21 (M.D. Ala. Dec. 19, 2005).[3]

Here, the resident defendant cannot be held liable for negligent failure to warn or for negligent defective design, because he is neither a seller nor a manufacturer and thus has no duty to warn a patient or physician. Moreover, the resident defendant has provided uncontroverted evidence which refutes his involvement in the design of the product.

Under the learned intermediary doctrine, the resident defendant does not have a duty to warn Plaintiff. As a result, he cannot be liable for negligence related to his failure to warn. The Supreme Court of Alabama has adopted the learned intermediary doctrine, which holds that any duty to warn exists only between the manufacturer and the plaintiff's surgeon, not between the plaintiff and the sales representative. *Bloodsworth*, 2005 U.S. Dist. LEXIS 38756, at* 22-23 (citing *Morguson v. Baxter Healthcare Corp.*, 857 So.2d 796 (Ala. 2003); *Catlett v. Wyeth, Inc.*,

---

[3] It is well settled that negligence claims are not subsumed by the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"). *Tillman v. R.J. Reynolds Tobacco Co.*, 871 So.2d 28, 34-35 (Ala. 2003).

6

379 F. Supp.2d 1374, 1381 (M.D. Ga. 2004)). Thus, based on this doctrine, which establishes there is no duty owed between a sales representative and a patient, the Court finds no possibility that Plaintiff could establish a cause of action for negligent failure to warn against the resident defendant in an Alabama court.

Furthermore, based on the resident defendant's statement that he is without knowledge of and has never been personally involved with the design of the product, Plaintiff cannot establish a cause of action for negligent or defective design. (Doc. 10-4 at 4-5). The resident defendant avers that he has never "personally been involved with the *design*, manufacture, development, testing, labeling, or packaging" of the allegedly defective hip implants. *Id*. at 5 (emphasis added). He further states that the he does not own, sell, or offer the hip implants in question, rather, he "simply delivers them." *Id*. at 2-3. Because Plaintiff has failed to present any evidence to support his claim that the resident defendant knew or should have known of the defect, the Court cannot find a factual controversy and therefore cannot resolve such uncontroverted evidence in favor of Plaintiff. *See Legg*, 428 F.3d at 1323 ("We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy") (quoting *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393-94 (5th Cir. 2000); *see also Petty v. Wyeth*, 2004 U.S. Dist. LEXIS 28725, at *15 (uncontroverted declarations of sales representatives is sufficient to establish fraudulent joinder).

Therefore, the Court finds Plaintiff has not shown that the resident defendant had a duty to warn the Plaintiff, nor has he produced evidence to overcome the resident defendant's testimony that he has no knowledge of or involvement in the design of the product. As a result, there is no

possibility that Plaintiff could establish a cause of action for negligence against the resident defendant in an Alabama state court.

*C. Product Liability Claims*

Plaintiff claims Defendants, including the resident defendant, are liable for distributing dangerous products under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"). (Doc. 10 at 17). To support his argument, Plaintiff claims that the resident defendant is an "agent" and thus may be subjected to product liability claims. *Id*. at 13. Defendants contest that allegation, claiming Plaintiff has not put forth any evidence to show the resident defendant is an "agent," and moreover claims that even if he were an "agent," his claims are still not viable. (Doc. 14 at 13). The Court finds no possibility that Plaintiff could establish a cause of action for product liability against the resident defendant under the AEMLD in an Alabama state court.

A manufacturer, seller, or supplier "who markets a product not reasonably safe when applied to its intended use in the usual and customary manner" is liable under the AEMLD if the plaintiff is able to show:

> (1) he suffered injury or damages to himself or his property by one who sells a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if
>
> > (a) the seller is engaged in the business of selling such a product, and
> >
> > (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
>
> (2) Showing these elements, the plaintiff has proved a prima facie case although
>
> > (a) the seller has exercised all possible care in the preparation and sale of his product, and
> >
> > (b) the user or consumer has not bought the product from, or entered into any contractual relation with, the seller.

8

*Southern v. Pfizer, Inc.*, 471 F. Supp. 2d 1207, 1215 (N.D. Ala. 2006) (quoting *Casrell v. Altec Indus.*, 335 So.2d 128, 132 (Ala. 1976); *Atkins v. American Motors Corp,*, 335 So.2d 134, 141 (Ala. 1796); *see also Bloodsworth*, *supra*.

The United States District Court for the Middle District of Alabama considered this issue of whether a sales representative, who had delivered defective hip implants to the plaintiff's surgeon, could be potentially liable under the AEMLD. *Bloodsworth*, *supra*. In *Bloodsworth*, the plaintiff filed a complaint against the manufacturer of the allegedly defective hip implants, the sales representative, and others. *Id.*, at *6-7. To refute the plaintiff's motion to remand, the defendants produced the sales representative's declaration in which he said he "merely delivered the products in their original sealed packages to the physicians" but the facility paid the manufacturer directly. *Id.*, at *7. Moreover, he said he had never spoken to the plaintiffs, denied involvement in the "design or manufacture" of the product, and did not provide any warranties with respect to the hip implants. *Id.*, at *7-8. To determine whether the sales representative could be considered a "seller," the court considered the purpose and scope of the AEMLD, noting "[t]he AEMLD is founded on 'broader moral notions of consumer protection and on economic and social grounds, placing the burden to compensate for loss incurred by defective products on the one best able to prevent the distribution of those products.'" *Id.*, at *18 (internal citations omitted). Without evidence that the sales representative "had any significant control over the distribution of [defendants'] products or could have prevented" dispersion of the products, the court found no possibility that a state court could find him liable under the AEMLD. *Id.*, at *20-21 (citing *Legg v. Wyeth*, 482 F.3d 1317, 1324 (11th Cir. Ala. 2005)).

9

Here, the resident defendant's declaration is akin to that of the sales representative in *Bloodsworth*. In his declaration, the resident defendant says he is a "sales representative for DePuy Orthopaedics, Inc." but is not an employee of that company. (Doc. 10-4 at 1). He says he is an "independent contractor" who "simply delivers" the implants, which are ordered directly from DePuy. *Id.* at 1-2. He says he does not "own or sell the DePuy products" and has "no personal knowledge" of the warnings, marketing, advertising, manufacturing, design, or other defect related to the hip implants. *Id*. at 2-5. Moreover, he testified that the implants are delivered in a sealed package, which he does not inspect or examine. *Id*. at 3.

In his motion to remand, Plaintiff describes only the general duties of sales representatives and alleges he will be able to factually support his claim after discovery. (Doc. 10 at 13-14). These arguments are not sufficient to refute the declaration of the resident defendant. *See Legg*, 428 F.3d 1317 at 1323 ("We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts") (quoting *Badon v. RJR Nabisco, Inc.*, 224 F.3d 282, 393-94 (5th Cir. 2000)); *Lyons v. American Tobacco Co.*, 1997 U.S. Dist. LEXIS 18365, at *18-19 (S.D. Ala. Sept. 30, 1997) ("Fed.R.Civ.P. 11 prohibits the assertion of unfounded claims on behalf of or against any party.").

Thus, the Court must conclude that the uncontroverted declaration of the resident defendant is enough to establish fraudulent joinder with respect to the AEMLD claim. *See Petty v. Wyeth*, 2004 U.S. Dist. LEXIS 28725, at *15 (uncontroverted declarations of the resident defendants is sufficient to establish fraudulent joinder); *see also Atkins*, 335 So.2d at 139 (if a sales representative lacks knowledge of a product's dangerous defect, he cannot be liable under AEMLD simply for "the mere selling of a defective product."). Furthermore, because the resident

10

defendant testified to not having any control over the distribution of the product beyond delivering orders, this conclusion is consistent with the scope and purpose of the AEMLD. *See Bloodsworth*, 2005 U.S. Dist. LEXIS 38756, at *18.

While it is true that federal courts have previously found a possibility for a cause of action against employees of a manufacturer under the AEMLD, those cases are distinguishable on the facts. For example, the defendant in *Clay v. Williamson Tobacco Corp.*, was the "Key Account Manager for Alabama" and thus, as a result of her position, the Court found she was "likely to hold superior knowledge" of the dangers of cigarette smoking, which was the allegedly dangerous product in that case. *Clay v. Brown & Williamson Tobacco Corp.*, 77 F. Supp. 2d 1220, 1224 (M.D. Ala. 1999). Unlike that case, the resident defendant in the case *sub judice* has provided testimony that he did not know and is unlikely to have superior knowledge of the allegedly defective hip implant. Moreover, Plaintiff has not presented any evidence, such as being in a particularly high level sales representative position, that would refute that evidence.

For the aforementioned reasons, the Court cannot conclude there is a possibility the Plaintiff can establish a cause of action against the resident defendant under the AEMLD in an Alabama state court.

## *D. Breach of Express and Implied Warranties*

Plaintiff asserts in his motion to remand that as a result of the resident defendant's "consistent and continual contact with operating surgeons," the resident defendant would cause Plaintiff and his physician to infer an extension of both express and implied warranties. (Doc. 10 at 25). Moreover, Plaintiff maintains discovery will uncover information which supports his claim. *Id*. at 26. On the other hand, Defendants maintain that Plaintiff's breach of warranty

claims must fail because those claims are viable only against the "seller" of those goods. (Doc. 14 at 11). Upon consideration, the Court finds no possibility Plaintiff could establish a cause of action for breach of warranty against the resident defendant in an Alabama state court.

Both express and implied warranties can only be created by the "seller" of goods. *Southern*, 471 F. Supp. 2d at 1219 (citing Ala. Code §§ 7-2-313(1), 7-2-314(1), 7-2-315(1)). Therefore, the Court must first consider whether the resident defendant may be considered a "seller" under Alabama law.[4]

In *Bloodsworth*, the Middle District of Alabama considered a sales representative's potential liability as a "seller" when presented with claims of breach of implied and express warranties. The court found no possibility that a cause of action could be established where the sales representative merely delivered products, which were unknown to him to be defective. *Bloodsworth*, 2005 U.S. Dist. LEXIS 38756, at *21-22 (M.D. Ala. Dec. 19, 2005) (citing Ala. Code §§ 7-2-313(1), 7-2-314(1) & 7-2-315(1) (2002) (only a "seller" can be liable for breach of warranty); *In re* Baycol Prods. Liab. Litig., M.D.L. No. 1431, at *7 (sales representatives cannot be liable for breach of warranty claims because they are "agents" of the manufacturer)).

Because the resident defendant merely delivered the products, as did the defendant in *Bloodsworth* and because he did not have knowledge of the alleged defect at the time, he too cannot be considered a "seller" and thus cannot be held liable for a breach of warranty. *See Southern*, 471 F. Supp. 2d at 1218-19. Moreover, in his declaration, the resident defendant says he has never had any direct communication with the plaintiff, and did not make any

---

[4] It is well settled that breach of warranty claims are not subsumed by the AEMLD. *Tillman v. R.J. Reynolds Tobacco Co.*, 871 So.2d 28, 34-35 (Ala. 2003).

representations or statement regarding express or implied warranties to anyone, including the plaintiff and his doctor. (Doc. 10-4 at 4-5). Plaintiff has not controverted the affirmative evidence put forth by the resident defendant, and therefore, the Court must find on two separate grounds no possibility Plaintiff could establish a cause of action for breach of warranty in an Alabama state court. *See Legg*, 482 F.3d at 1323.

*E. Misrepresentation and Fraudulent Concealment*

Plaintiff claims that Defendants, including the resident defendant, "together or separately, negligently, recklessly, intentionally and fraudulently made material misrepresentations" that the allegedly defective hip implant was safe. (Doc. 10 at 17). Moreover, Plaintiff alleges that the resident defendant did so with the intent to induce physicians and customers, including the Plaintiff and his doctor to utilize the ASR Hip implant. *Id*. Finally, Plaintiff alleges "Defendants" knowingly made misrepresentations. *Id*. at 18. Plaintiff disregards the resident defendant's declaration as "self-serving," and maintains discovery will reveal information to support his claims. *Id*. at 19. Defendants claim that Plaintiff cannot prevail on his allegations of fraud against the resident defendant because he has failed to show that the resident defendant acted in bad faith and moreover, has failed to plead with sufficient specificity. (Doc. 14 at 14). For the following reasons, the Court cannot find Plaintiff has a possible cause of action for fraud against the resident defendant in an Alabama state court.

The Supreme Court of Alabama describes liability for fraudulent misrepresentation and fraudulent concealment as follows:

> To establish a cause of action for fraudulent misrepresentation, the plaintiff must show 1) that the defendant made a misrepresentation; 2) that that misrepresentation concerned a material existing fact; 3) that the plaintiff relied on the misrepresentation; and 4) that the reliance was to the plaintiff's detriment. Under

13

> [Ala. Code] § 6-5-101, "legal fraud" includes misrepresentations of material fact made "by mistake or innocently," as well as misrepresentations made "willfully to deceive, or recklessly without knowledge."
>
> In order to establish a cause of action for fraudulent [concealment], the plaintiff must show 1) that the defendant had a duty to disclose material facts, 2) that the defendant concealed or failed to disclose those facts, 3) that the concealment or failure to disclose induced the plaintiff to act; and 4) that the defendant's action resulted in harm to the plaintiff. A duty to communicate can arise from a confidential relationship between the plaintiff and the defendant, from the particular circumstances of the case, or from a request for information, but mere silence in the absence of a duty to disclose is not fraudulent.

*Jewell v. Seaboard Indus.*, 667 So. 2d 653, 657-658 (Ala. 1995) (internal citations omitted).

First and foremost, Plaintiff cannot establish a cause of action against the resident defendant for fraudulent misrepresentation. The resident defendant has stated he has never "made any representations or statements" to any physician or to Plaintiff. (Doc. 10-4 at 5). Moreover, he testified to have had no knowledge of the defect in the implant allegedly used in Plaintiff's surgery. *Id*. at 4. Plaintiff has not refuted this evidence, and has merely asserted that further discovery will lead to information to support his claim. (Doc. 10 at 18-19). Because of the uncontroverted evidence that the resident defendant did not make a representation and did not even know about the defect at the center of the alleged misrepresentation, the Court cannot conclude there is a possibility Plaintiff can establish a cause of action in state court. *See McCrimmon v. Tandy Corp.*, 202 Ga. App. 233 (Ga. Ct. App. 1991) (to assert a claim for fraud and suppression, the plaintiff must produce evidence of a knowing misrepresentation).

The Eleventh Circuit considered the issue of negligent misrepresentation in *Legg v. Wyeth*, *supra*. There, the Court found that the district court had erred by not finding the resident defendant fraudulently joined. *Id*. The court reasoned that liability for negligent misrepresentation is dependant on the existence of a duty, which can only exist if the resident

14

defendant is "a participant in the wrongful act." *Id.* at 1324 (citing *Crigler v. Salac*, 438 So. 2d 1375, 1380 (Ala. 1983). This is to say, sales representatives who are merely "conduits" between a plaintiff and a third person cannot be held liable for fraud unless they have acted in bad faith. *Legg*, 482 F.3d at 1324 (noting a sales representative who innocently passes along incorrect information cannot be liable under Alabama law) (citing *Fisher*, 772 So. 2d at 463); *see also Southern v. Pfizer, Inc.*, 471 F. Supp. 2d 1207, 1218 (N.D. Ala. 2006) ("a negligent misrepresentation claim is untenable against a pharmaceutical sales representative absent a showing of bad faith."). The court concluded that without evidence to show the defendant knew or should have known of a risk in the defective product, there is "no reasonable probability that an Alabama court would conclude" the defendant personally breached a duty to the plaintiff. *Legg*, 428 F.3d at 1324; *see also Ideal Pool Corp. v. Baker*, 189 Ga. App. 739, 741 (1989) ("If there is no actual knowledge of the defect on the part of the silent party there can be no concealment with the intent and for the purpose of deceiving the opposite party.").

Here, Plaintiff has presented no evidence that the resident defendant acted in bad faith. Moreover, the resident defendant has provided uncontroverted testimony that he has not made any representations to the physician or Plaintiff, that he "simply delivers" and performs no inspection of the medical devices, and that he was without knowledge of the alleged defect when he delivered the hip implant to Plaintiff's physician. *See* (Doc. 10-4). Thus, the Court cannot find a possibility that the Plaintiff could establish a cause of action against resident defendant in an Alabama state court.

Moreover, this case is distinguishable from other federal district court decisions, all involving sales representatives of pharmaceutical manufacturers who were sued by a patient, that

15

were remanded for fraudulent liability. For example, in *Albertson v. Richardson-Merrell, Inc.*, 441 So. 2d 1146 (Fla. Dist. Ct. App. 4th Dist. 1983), the court remanded because the sales representative had not provided any affirmative evidence to refute the plaintiff's claims of fraudulent misrepresentation. Similarly, the court remanded in *Parent v. Wyeth*, 2003 U.S. Dist. LEXIS 26221 (M.D. Fla. Dec. 19, 2003), as there were no "factual disputes" between the plaintiff's claims and defendant's objections. Unlike these cases, the resident defendant has provided the Court with affirmative evidence which contradicts Plaintiff's claims. (Doc. 10-4). Furthermore, in *Marshal v. Wyeth, Inc.*, 2004 U.S. Dist. LEXIS 26748 (N.D. Ala. Feb. 18, 2004), the court remanded because the resident defendants admitted in their affidavits to attempting to answer the physician's questions about the allegedly defective drug. The court concluded there was a possible cause of action against the resident defendants for fraudulent misrepresentation as a result of their admission. Here, the resident defendant maintains he has made no representations to the physician, the pubic, or Plaintiff. (Doc. 14-1 at 5).

Because the Court finds no possibility that Plaintiff can establish a cause of action against the resident defendant for fraudulent misrepresentation or fraud in an Alabama state court, there is no need to address Defendants' remaining objection to Plaintiff's complaint.

### IV. Conclusion

For the foregoing reasons, the Court finds that Plaintiff has not alleged proper claims of liability against the resident defendant, Clint Spears. As a result, the Court concludes that the residence of Clint Spears may be disregarded and therefore, this Court has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly, Plaintiff's motion to remand is denied. (Doc. 9).

IT IS SO ORDERED.

                                                 S/ *David A. Katz*
                                                 DAVID A. KATZ
                                                 U. S. DISTRICT JUDGE